**FILED**

APR 1 5 2019

LESLIE MASON
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CIVIL DIVISION

AMY LOGISTICS, LLC                                          PLAINTIFF

v.                         Case No. 47OCV-19-43(CT)

GREAT WEST CASUALTY COMPANY                                 DEFENDANT

### COMPLAINT FOR DECLARATORY JUDGMENT & DAMAGES

Plaintiff Amy Logistics, LLC ("Amy Logistics"), for its complaint for declaratory judgment and damages pursuant to Rule 57 of the Arkansas Rules of Civil Procedure and Ark. Code Ann. § 16-111-101 *et seq.* against defendant Great West Casualty Company ("Great West"), states:

### INTRODUCTION

1.    Amy Logistics seeks a declaratory judgment declaring its rights and affording relief from uncertainty with respect to legal relations between Amy Logistics and Great West, pursuant to a certain commercial insurance policy issued, sold, and delivered to Amy Logistics by Great West. Also, Amy Logistics seeks damages at law against Great West for breach of contract; unfair, deceptive, and unlawful trade practices; violation of Arkansas public policy and law; unjust enrichment; and fraudulent misrepresentation. Amy Logistics also seeks equitable relief including specific performance.

## PARTIES AND JURISDICTION

2. Pursuant to Ark. Code Ann. § 16-111-101, courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.

3. Pursuant to Ark. Code Ann. § 16-111-102, any person interested under a written contract or other writings constituting a contract may have determined any question of construction or validity arising under the instrument and may obtain a declaration of rights, status, or other legal relations thereunder.

4. Amy Logistics is an Arkansas limited liability company with its principal place of business in Craighead County, Arkansas.

5. Great West is a foreign corporation with its principal place of business at 1100 West 29th Street, South Sioux City, Nebraska 68776-0277.

6. The events and actions described herein, including the damages incurred by Amy Logistics, all or substantially occurred in the State of Arkansas, and Amy Logistics' causes of action and claims for relief against Great West arise from actions and conduct of Great West in Mississippi County, Arkansas.

7. The purpose of this action is, in part, to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, in accordance with Ark. Code Ann. § 16-111-102.

8. All of the parties to the litigation are parties in interest who may claim an interest in this case.

2

9.    This Court has jurisdiction over the parties and subject matter of this action, and venue is, in accordance with Ark. Code Ann. § 16-60-101, proper herein.

## FACTUAL ALLEGATIONS

10.    Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 9 above.

11.    On or about January 15, 2016, at approximately 7:26 p.m., CRT Expedited, Inc., CRST International, Inc., and CRST Lincoln Sales, Inc. (jointly and individually "CRST"), acting through their agent and employee Daniel Pete Watson ("Mr. Watson"), were operating a commercial tractor-trailer, a 2013 Freightliner, traveling south on U.S. Interstate Highway 55 near mile marker 55.

12.    The CRST tractor-trailer driven by Mr. Watson was traveling at an excessively slow and unsafe rate of speed, and had been for approximately 50 miles, and did not have hazard signals activated on the tractor-trailer.

13.    Due to the CRST tractor-trailer's position on the highway, excessively reduced rate of speed, and lack of appropriate hazard signals, the CRST tractor-trailer was an impediment to traffic and caused a tractor-trailer operated by Amy Logistics' driver, Terry Wallace, to collide with the CRST tractor-trailer as they both arrived at mile marker 55.

14.    The crash resulted in Mr. Wallace's death and caused substantial financial losses and damages to Amy Logistics.

3

15.     Great West and National Indemnity Insurance Company ("National Indemnity") were notified of Mr. Wallace's death and National Indemnity, acting as the insurer for Amy Logistics, promptly opened a claim file and assigned the matter a claim number, specifically 70 03 369724, pursuant to Amy Logistics' policy of insurance through National Indemnity numbered 70 TRS028742. Great West, also acting as the insurer for Amy Logistics, opened a claim file and assigned the matter a claim number, specifically J67828 pursuant to Amy Logistics' policy of insurance through Great West numbered MCP21264A.

16.     Mr. Wallace's widow, Cynthia K. Wallace, filed suit in the Circuit Court of Mississippi County, Arkansas, on February 2, 2017, against CRST and Mr. Watson. Ms. Wallace filed an amended complaint that added Amy Logistics as a defendant on February 28, 2017.

17.     Great West and National Indemnity were promptly notified of Ms. Wallace's amended complaint filed against Amy Logistics and, acting as the insurers for Amy Logistics, provided a joint defense of Amy Logistics against Ms. Wallace's causes of action alleged against Amy Logistics.

18.     On March 20, 2017, National Indemnity provided a reservation of rights letter to Amy Logistics in which it noted that, while it agreed to continue its investigation into the matter and provide a defense to Amy Logistics in this lawsuit, it would provide such services under a "full and complete reservation of rights and defenses under the policy." *See* March 20, 2017, National Indemnity Letter, attached as Exhibit 1 and incorporated herein.

19.     On April 25, 2018, Amy Logistics filed a cross-claim against CRST and Mr. Watson for negligence arising out of Mr. Watson's individual conduct as an agent and employee of CRST that caused the tractor-trailer collision on January 15, 2016.

20.     On December 21, 2018, National Indemnity provided a second reservation of rights letter to Amy Logistics, in which it noted that it would not indemnify Amy Logistics "for any amounts awarded to Plaintiffs as a result of the Lawsuit" but that it would continue to defend Amy Logistics in the lawsuit through trial. *See* December 21, 2018, National Indemnity Letter, attached as Exhibit 2 and incorporated herein.

21.     On January 7, 2019, an order of dismissal with prejudice was entered in which the Circuit Court of Mississippi County, Arkansas, noted that Amy Logistics, CRST, and Mr. Watson had "resolved the dispute between them" and ordered that Amy Logistics' cross-claim against Mr. Watson and CRST were dismissed with prejudice.

22.     On February 6, 2019, an order of dismissal with prejudice was entered in which the Circuit Court of Mississippi County, Arkansas, noted that Ms. Wallace and the other plaintiffs and Amy Logistics had "entered into a settlement agreement" and that plaintiffs' causes of action against Amy Logistics were "dismissed with prejudice."

23.     As part of the settlement agreement, Amy Logistics paid $25,000.00 to plaintiffs for the dismissal of their claims with prejudice on February 6, 2019.

24.     During settlement negotiations, Amy Logistics was informed by Great West—for the first time—that Great West had chosen to deny coverage for Ms. Wallace's claims against Amy Logistics.  Great West also informed Amy Logistics that, as a result of Great West's decision to deny coverage, Great West would no longer defend Amy Logistics or indemnify Amy Logistics against any expenses incurred by Amy Logistics as a direct result of Ms. Wallace's lawsuit.  Great West also refused to renew insurance coverage for Amy Logistics after the accident that served as the basis for Ms. Wallace's lawsuit, Amy Logistics' objections notwithstanding.

25.     Despite Great West's decisions to deny coverage for Amy Logistics and to refuse to defend and indemnify Amy Logistics, Great West never sent—and Amy Logistics never received—any reservation of rights/coverage denial letter from Great West.  Great West never provided any sort of indication that it was reserving any rights to deny such coverage or to deny the duty to defend and indemnify Amy Logistics per the insurance policy entered into between Great West and Amy Logistics.

26.     All the required premiums for the coverage purchased from Great West have been paid by Amy Logistics and all other pertinent conditions to coverage have been satisfied, excused, or waived, and the policy issued to Amy Logistics by Great West and covering the liability represented by the claim of Ms. Wallace forms a binding contract between Amy Logistics and Great West.

6

27.     The conduct of Great West in threatening to and actually withholding coverage after originally accepting coverage for the claim, refusing to indemnify Amy Logistics for the expenses incurred in settling the dispute with Ms. Wallace, and refusing to renew insurance coverage for Amy Logistics is without justification in law or fact and, as described *infra*, to Amy Logistics' detriment.

## CLAIMS FOR RELIEF

## COUNT I – DECLARATORY JUDGMENT

28.     Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 27 above.

29.     There exists an actual controversy between Great West and Amy Logistics which is within the jurisdiction of this Court and involves potential rights and liabilities under a contract or series of contracts.

30.     Amy Logistics has fully performed all its obligations owed to Great West pursuant to the policy of insurance issued through Great West, numbered MCP21264A. Great West has not, however, performed or does not intend to perform all its obligations owed to Amy Logistics pursuant to the policy of insurance, in particular Great West's obligations to provide continued coverage for the claims made by Ms. Wallace, to indemnify Amy Logistics for the expenses it has incurred as a direct result of the claims made by Ms. Wallace, and to permit Amy Logistics to renew the policy of insurance issued through Great West to Amy Logistics.

31.     In accordance with the Arkansas Declaratory Judgments Act, Ark. Code Ann. §§ 16-111-101 – 16-111-111, and Rule 57 of the Arkansas Rules of Civil Procedure, this Court should declare the rights, status, and other legal relations between Great West and Amy Logistics with respect to the policy of insurance issued through Great West, numbered MCP21264A and, specifically, the obligations of Great West to provide continued coverage for the claims made by Ms. Wallace, to indemnify Amy Logistics for the expenses it has incurred as direct result of the claims made by Ms. Wallace, and to permit Amy Logistics to renew the policy of insurance issued through Great West to Amy Logistics.

32.     Amy Logistics respectfully requests a declaratory judgment, pursuant to Ark. Code Ann. §§ 16-111-101 – 16-111-111, in order to settle and afford Amy Logistics relief from uncertainty and insecurity with respect to Great West's obligations pursuant to the policy of insurance issued to Amy Logistics.

33.     Amy Logistics further requests that this Court order a "speedy hearing" of this action pursuant to Rule 57 of the Arkansas Rules of Civil Procedure.

## COUNT II – BREACH OF CONTRACT

34.     Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 33 above.

35.   Amy Logistics and Great West are competent parties to enter, and in fact entered, into a mutually agreed to and valid contract, specifically the contract of insurance, issued through Great West, numbered MCP21264A.

36.   The required premiums were paid on the policy of insurance and all other pertinent conditions to coverage were satisfied, excused, or waived.

37.   Great West was required under the policy to: (1) provide to Amy Logistics continued coverage for the claims made by Ms. Wallace and the associated risks; (2) indemnify Amy Logistics for all expenses incurred by it as a direct result of the claims made by Ms. Wallace; and (3) permit Amy Logistics the option to renew the contract of insurance.

38.   Great West has breached the contract of insurance by: (1) refusing to continue coverage for the claims made by Ms. Wallace without first providing a reservation of rights/coverage denial letter; (2) refusing to indemnify Amy Logistics for its expenses incurred by it as a direct result of the claims made by Ms. Wallace without first providing a reservation of rights/coverage denial letter; and (3) refusing to permit Amy Logistics the option to renew coverage under the contract of insurance.

39.   Amy Logistics fully performed all its obligations pursuant to the terms and conditions of the contract of insurance entered into by the parties.

40.   As a direct and proximate result of Great West's breach of its contractual duties and obligations, Amy Logistics has incurred damages, including costs of defending the claims made by Ms. Wallace and the $25,000.00 paid in

settlement to plaintiffs in Ms. Wallace's lawsuit, plus pre- and post-judgment interest at the maximum lawful rates and costs of collection, including attorney fees.

COUNT III – UNJUST ENRICHMENT

41.    Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 40 above.

42.    In the alternative to Amy Logistics' allegations that Great West has breached a contract with Amy Logistics, Great West has been unjustly enriched to Amy Logistics' detriment.

43.    Amy Logistics paid premiums under its policy of insurance with Great West, and Great West received the benefit of such payments.

44.    The circumstances were such that Amy Logistics reasonably expected to be provided the value of such premium payments.

45.    Great West was aware that Amy Logistics was paying such premiums with the expectation of being provided valuable services, including protection against liability claims like Ms. Wallace's, indemnification for any expenses incurred by Amy Logistics directly related to Ms. Wallace's claims, and the option to renew the policy of insurance.

46.    The reasonable value of the services expected is no less than, and likely exceeds, the monetary value of the risk exposure represented by the claims of

10

Ms. Wallace, the $25,000.00 paid to plaintiffs in Ms. Wallace's lawsuit in settlement by Amy Logistics, and the costs of defense.

COUNT IV – PROMISSORY ESTOPPEL

47.     Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 46 above.

48.     In the alternative to Amy Logistics' allegations that Great West breached a contract with Amy Logistics, Amy Logistics contends that Great West made promises to Amy Logistics that: (1) coverage for claims like that pursued by Ms. Wallace would be covered by Great West; (2) Great West would indemnify Amy Logistics for any expenses incurred direct related to claims like that pursued by Ms. Wallace; and (3) Amy Logistics had the option to renew the policy of insurance issued through Great West.

49.     Great West should have reasonably expected Amy Logistics to act in reliance on the promises made by Great West.

50.     Amy Logistics acted in reasonable reliance on the promises of Great West, in continuing to make premium payments to Great West to Amy Logistics' detriment.

51.     Injustice can only be avoided by enforcing the promises made by Great West to: (1) provide coverage for Ms. Wallace's claims; (2) indemnify Amy Logistics for its expenses incurred by it directly related to Ms. Wallace's claims, including the $25,000.00 paid by Amy Logistics in settlement to the plaintiffs in Ms. Wallace's

11

lawsuit; and (3) permitting Amy Logistics the option to renew its policy of insurance with Great West.

## COUNT V – DECEPTIVE TRADE PRACTICES

52.     Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 51 above.

53.     Amy Logistics is a "person" entitled to protection under the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq.

54.     Great West intentionally and knowingly made false or misleading representations of fact concerning the coverage of the claim made by Ms. Wallace and agreement to: (1) provide coverage for the claims made by Ms. Wallace; (2) indemnify Amy Logistics for expenses incurred by it directly related to the claims made by Ms. Wallace; and (3) permit Amy Logistics the option to renew its policy of insurance issued through Great West, violating the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq.

55.     The intentional and systematic actions of Great West are unconscionable acts or practices in business, commerce, or trade, violating the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq.

56.     The intentional and systematic actions of Great West that violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq., have caused actual financial loss to Amy Logistics.

57.    In addition to actual damages sustained as a result of the conduct of Great West, Amy Logistics is entitled to its attorneys' fees and costs of litigation pursuant to the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 et seq.

COUNT VI · ESTOPPEL

58.    Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 57 above.

59.    Amy Logistics was unaware of the coverage and indemnification positions being taken by Great West for more than one year after Amy Logistics was first sued by Ms. Wallace in the Circuit Court of Mississippi County, Arkansas, because Great West never sent to Amy Logistics any reservation of rights/coverage denial letter throughout Great West's Ms. Wallace's lawsuit.

60.    Through Great West's accepting as covered, management of, and defense of Amy Logistics during Ms. Wallace's lawsuit and failing to provide to Amy Logistics a reservation of rights/coverage denial letter, Great West led Amy Logistics to believe that coverage for Ms. Wallace's claims existed and that Great West would indemnify Amy Logistics for expenses incurred by it directly related to Ms. Wallace's claims (which included any settlement amounts paid by Amy Logistics to the plaintiffs in Ms. Wallace's lawsuit).

61.    Amy Logistics reasonably relied upon, to its detriment, the representations of Great West regarding the existence of coverage for Ms. Wallace's

13

claims, indemnification of Amy Logistics for its expenses incurred directly related to the claims of Ms. Wallace, and the option to renew coverage.

62.     Great West is, as a consequence, estopped from asserting policy defenses based upon its failure to timely advise Amy Logistics of its positions on coverage, indemnification, and renewal.

COUNT VII - WAIVER

63.     Amy Logistics adopts and incorporates by reference hereto all allegations and averments against Great West as contained in Paragraphs 1 through 62 above.

64.     Amy Logistics was unaware of the coverage position being taken by Great West for more than one year after the lawsuit was commenced by Ms. Wallace against Amy Logistics.

65.     Through its accepting as covered, management of, and defense of Amy Logistics against Ms. Wallace's claims, Great West led Amy Logistics to believe that coverage for Ms. Wallace's claims existed.

66.     Amy Logistics reasonably relied upon, to its detriment, the representations of Great West regarding the existence of coverage for Ms. Wallace's claims.

67.     Amy Logistics has, as a consequence, waived any policy defenses which might otherwise apply to coverage for Ms. Wallace's claims.

68.     Amy Logistics respectfully demands a trial by jury on all appropriate issues of fact and law.

14

69.     Amy Logistics reserves the right to amend this Complaint for

Declaratory Judgment upon completion of investigation and discovery and, in

particular, to add causes of action and claims for damages and specific performance.

WHEREFORE, Amy Logistics, LLC respectfully seeks a declaratory

judgment pursuant to Ark. Code Ann. § 16-111-101, et seq., and Ark. R. Civ. P.

declaring satisfaction of all obligations owed by Great West Casualty Company to

Amy Logistics, and for all other relief to which Amy Logistics is entitled.

QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
Facsimile: (479) 444-6647
vchadick@qgtlaw.com
pelmore@qgtlaw.com

By: _____
    Vincent O. Chadick, Ark. Bar No. 94075
    Philip A. Elmore, Ark. Bar No. 2015199

*Attorneys for Amy Logistics, LLC*